## GAGE SPENCER & FLEMING LLP

ATTORNEYS AT LAW

410 PARK AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE: (212) 768-4900
FACSIMILE: (212) 768-3629
E-MAIL: info@gagespencer.com

November 23, 2022

VIA ECF

The Honorable Ronnie Abrams
United States District Court for the
 Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Freeman v. Stake.com, et al*, No. 1:22-cv-07002 (RA)

Dear Judge Abrams:

    We represent plaintiff Christopher Freeman in the above-captioned matter. Together with the Orrick law firm as counsel for Defendants, we jointly write to provide Your Honor with a joint status letter setting forth the status of the case. As requested by the Court, we further attach the parties' proposed case management plan.

    Last month, Defendants Primedice, Bijan Tehrani, and Ed Craven agreed to waive service of the Complaint, with Mr. Tehrani also agreeing to waive service on behalf of "Stake.com." Defendants likewise agreed to waive service of a summons and executed waivers on behalf of each of the four named defendants. Defendants are scheduled to file and serve an answer or a motion under Rule 12 within ninety days from October 21, 2022. Defendants' counsel has indicated that the Defendants currently anticipate filing a joint motion under Rule 12. The parties will meet and confer regarding reaching an agreement to a briefing schedule for that motion, which the parties will submit to the Court for its approval.

    In the course of discussions between counsel for the parties, Defendants' counsel indicated that Defendant Stake.com, an online cryptocurrency gaming site, is not a legal entity. Accordingly, Plaintiff may amend his Complaint to add the entity or entities which may be the appropriate party or parties. Based on subsequent investigation and discovery, Plaintiff notes that he may need to amend the Complaint to add further related entities. Defendant has indicated that one amendment related to Defendant Stake.com would not necessitate any adjustment of the current deadline for Defendants' intended motion to dismiss.

    On deadlines for discovery, because the case involves parties and witnesses who are located both in the United States and overseas, the parties have agreed to propose time for its completion beyond the 120 days set forth on Your Honor's form case management plan. To

accommodate Defendants' request to avoid discovery during the pendency of their intended motion to dismiss, the parties have proposed discovery deadlines tethered to the date on which Defendants file any Answers to the Complaint or Plaintiff files an Answer in response to any counterclaims asserted by Defendants.

       The parties have not addressed settlement of the case.

       Respectfully submitted,

       */s/ William B. Fleming*

       William B. Fleming