# EXHIBIT A



# Tribunal judiciaire de Paris, 13 juillet 2021, n° 21/55352

**Sur la décision**

Référence : TJ Paris, 13 juill. 2021, n° 21/55352

Juridiction : Tribunal judiciaire de Paris

Numéro(s) : 21/55352

**Sur les personnes**

Avocat(s) :
Yves COURSIN, François DUPUY, Marguerite BILALIAN, Philippe JOUARY, Katia BONEVA-DESMICHT

Cabinet(s) :
HADENGUE ET ASSOCIES

Parties :
de l' c/ S.A. BOUYGUES TELECOM, S.A.S. COLT TECHNOLOGY SERVICES, S.A.S. FREE, SOCIETE FRANCAISE DU RADIOTELEPHONE - SFR, Société ORANGE, Société OUTREMER TELECOM, Société SFR FIBRE

**Texte intégral**

RÉPUBLIQUE FRANÇAISE

Au nom du Peuple Français

EXTRAIT des minutes du Greffe

TRIBUNAL

JUDICIAIRE

DE

PARIS

EXPÉDITION EXÉCUTOIRE

N° RG 21/55352 – N° Portalis 352J-W-B7F-CUY7S

Maître Philippe JOUARY de l'ASSOCIATION AMIGUES, AUBERTY, JOUARY & POMMIER, avocats au barreau de PARIS – #J0114

---

TRIBUNAL

JUDICIAIRE

DE PARIS

N° RG 21/55352 – N°

Portalis

352J-W-B7F-CUY7S

N° : 1/MM

Assignation du: 08 et 9 Juillet 2021

5 Copies exécutoires délivrées le: 13/07/21

JUGEMENT RENDU SELON LA PROCEDURE

ACCELEREE AU FOND le 13 juillet 2021

par Anne BELIN, 1ère Vice-Présidente adjointe au Tribunal judiciaire de Paris, agissant par délégation du Président du Tribunal,

Assistée de Minas MAKRIS, Faisant fonction de Greffier.

DEMANDERESSE

PRESIDENTE DE L'AUTORITE NATIONALE DES JEUX prise en la personne de Madame Y Z-X [...]

[...]

représentée par Maître Philippe JOUARY de l'ASSOCIATION AMIGUES, AUBERTY, JOUARY & POMMIER, avocats au barreau de PARIS – #J0114

DEFENDEURS

Société SFR FIBRE

[...]

[...]

non comparante

Société ORANGE

[...]

Société ORANGE CARAÏBE

[...]

[...]

représentées par M^e Marguerite BILALIAN, avocat au barreau de PARIS #C0063

-

Page 1

---

*

SOCIETE FRANCAISE DU RADIOTELEPHONE – SFR

[...]

[...]

non comparante

Société OUTREMER TELECOM

[...]

[...]

non comparante

SOCIETE REUNIONNAISE DU RADIOTELEPHONE

[...]

[...]

[...]

non comparante

S.A. BOUYGUES TELECOM

[...].

[...]

représentée par Maître François DUPUY de la SCP HADENGUE et Associés, avocats au barreau de PARIS – #B0873

S.A.S. COLT TECHNOLOGY SERVICES

[...]

[...]

représentée par Me Katia BONEVA-DESMICHT, avocat au barreau de PARIS – #P0445

S.A.S. FREE

[...]

représentée par Me Yves COURSIN, avocat au barreau de PARIS

- #C2186

DÉBATS

A l'audience du 12 Juillet 2021, tenue publiquement, présidée par Anne BELIN, 1ère Vice-Présidente adjointe, assistée de Minas MAKRIS, Faisant fonction de Greffier,

Nous, Président,

Après avoir entendu les parties comparantes,

Vu l'assignation en référé introductive d'instance, délivrée le 08 et 09 juillet 2021, et les motifs y énoncés,

---

EXPOSE DU LITIGE :

Le 22 juin 2021, un agent habilité de l'Autorité nationale des jeux (ci-après ANJ) a constaté qu'un site internet accessible à partir des adresses www.stake.com et stake.com proposait à destination du public sur le territoire français des jeux d'argent et de hasard en ligne alors que l'opérateur n'avait pas reçu l'agrément prévu à l'article 21 de la loi n° 2010-476 du 12 mai 2010 modifiée relative

à l'ouverture à la concurrence et à la régulation du secteur des jeux d'argent et de hasard en ligne.

Le président de l'ANJ a, par lettre du 28 juin 2021, mis en demeure la société Medium Rare N.V, se présentant comme

l'opérateur, de cesser sans délai de proposer en France sur le site internet litigieux, des offres de jeux d'argent et de hasard en ligne, l'invitant à présenter ses observations en réponse.

Ce procès-verbal a été notifié le même jour aux deux hébergeurs du site.

Le 6 juillet 2021, les services de l'ANJ ont constaté qu'il était toujours possible d'accéder au site et de placer une mise sur un jeu d'argent et de hasard en ligne à partir d'un compte précédemment ouvert, et notifié le procès-verbal le lendemain à la société Medium Rare N.V.

Par courrier du 7 juillet 2021, le président de l'ANJ a dénoncé aux fournisseurs d'accès à internet les mises en demeure adressées à

l'opérateur.

C'est dans ce contexte, après avoir été autorisé à assigner à heure fixe, que le président de l'Autorité nationale des jeux a fait assigner le 8 juillet 2021 la SAS SFR fibre, la SA Orange, la SA Orange Caraïbe, la SA Société Française du radiotéléphone (SFR), la SCS Société réunionnaise du radiotéléphone (SRR), la SAS Free, la SA Bouygues télécom, la SAS Colt technology services ainsi que la SAS Outremer télécom devant le président du tribunal judiciaire de Paris statuant selon la procédure accélérée au fond.

L'affaire a été évoquée à l'audience du 12 juillet 2021.

***

A l'audience, le président de l'ANJ maintient les prétentions de son exploit introductif d'instance aux termes duquel il sollicite, au visa de la loi n° 2004-575 du 21 juin 2004, de la loi n° 2010-476 du 12 mai 2010 modifiée et du décret n° 2011-2122 du 30 décembre 2011, de voir :

-enjoindre aux sociétés SFR fibre, Orange, Orange Caraïbe, SFR, SRR, Free, Bouygues Telecom, Colt Technology Services et Outremer Telecom de mettre en oeuvre ou faire mettre en œuvre sans délai et en toutes hypothèses dans un délai de 48 heures à compter de la signification de la présente ordonnance, toutes mesures appropriées de blocage par nom de domaine (DNS) pour empêcher l'accès à partir du territoire français et/ou par leurs abonnés situés sur ce territoire, au service de communication en ligne accessible actuellement à partir des adresses www.stake.com et stake.com,

---

-enjoindre aux sociétés SFR fibre, Orange, Orange Caraïbe, SFR, SRR, Free, Bouygues Telecom, Colt Technology Services et Outremer Telecom de justifier et dénoncer, sous sept jours au président de l'ANJ ainsi qu'au président du tribunal judiciaire de Paris, des mesures prises et mises en œuvre pour empêcher l'accès à partir du territoire français au service de communication en ligne accessible actuellement à partir des adresses www.stake.com et stake.com,

-dire que la mesure de blocage ordonnée pourra être levée sur simple demande du président de l'ANJ adressée par lettre recommandée avec accusé de réception aux sociétés SFR fibre, Orange, Orange Caraïbe, SFR, SRR, Free, Bouygues Telecom, Colt Technology Services et Outremer Telecom ou par décision du président du tribunal judiciaire saisi en la forme des référé par toute personne intéressée,

- rappeler que l'exécution provisoire est attachée à la décision à intervenir en toutes ses dispositions, dire qui lui en sera référé en cas de difficulté d'exécution des mesures, statuer sur les dépens.

Au soutien de ses prétentions, il fait principalement valoir que les jeux d'argent et de hasard ne constituent ni un commerce ordinaire ni un service ordinaire, et qu'ils font en conséquence l'objet d'un encadrement strict au regard des enjeux d'ordre public, de sécurité publique et de

protection de la santé et des mineurs; que la loi du 12 mai 2010 relative à l'ouverture à la concurrence et à la régulation du secteur des jeux d'argent et de hasard en ligne, modifiée par la loi du 17 mars 2014, n'entend donc ouvrir à la concurrence que certains secteurs du marché français des jeux d'argent et de hasard, à savoir les paris hippiques, sportifs et les jeux de cercle faisant appel au savoir-faire des joueurs; que le législateur a par ailleurs entendu maîtriser et encadrer l'offre de jeux d'argent et de hasard en ligne en subordonnant cette offre en France à la délivrance d'un agrément dans les conditions de l'article 21 de la loi du 12 mai 2010 modifiée; que l'article 61 de cette même loi, modifiée récemment par la loi du 7 octobre 2016, permet au président de l'ANJ de saisir le président du tribunal judiciaire de Paris aux fins d'ordonner l'arrêt de l'accès à ce service aux fournisseurs d'accès à internet, en cas d'inexécution des injonctions adressées aux opérateurs des sites ainsi qu'aux hébergeurs.

Il ajoute qu'au cas présent, il est proposé au public situé sur le territoire français de participer à de nombreux jeux d'argent et de hasard en ligne, dont des paris sportifs et des jeux de casino en ligne, le site proposant en outre aux internautes l'utilisation de cryptomonnaies pour le paiement de leur mise. Il souligne également que l'opérateur du site assure une promotion active de son site illicite sur des plates-formes de streaming en direct s'adressant principalement à un public jeune.

Les sociétés Orange, Orange Caraïbe, Free, Bouygues Télécom et Colt Technology Services ont déposé et soutenu leurs écritures, auxquelles il est renvoyé pour un exposé plus ample des moyens, à l'audience.

C'est ainsi que les sociétés Orange SA venant notamment aux droits de la société Orange Réunion, et Orange Caraïbe demandent au président du tribunal judiciaire de :

-apprécier si les éléments versés aux débats sont de nature à justifier suffisamment du respect de l'article 61 de la loi n° 2010 476 du 2 mai 2010,

-apprécier si les demandes sont proportionnées, adéquates et nécessaires pour répondre au trouble à l'ordre public invoqué,

-dans l'affirmative, faire droit aux demandes du président de l'ANJ,

-dire qu'il devra communiquer sans délai aux fournisseurs d'accès à internet toute information relative à l'évolution du litige,

-dire que la mesure de blocage ordonnée prendra fin sur l'information, par le président de l'ANJ, aux fournisseurs d'accès à internet d'un changement d'état du site objet de la mesure de blocage justifiant la levée de celle-ci,

-dire que le président de l'ANJ devra communiquer aux fournisseurs d'accès à internet par tout moyen à l'issue d'un an à compter de la présente ordonnance, puis tous les ans, toutes informations permettant d'apprécier l'utilité de poursuivre cette mesure de blocage de manière à ce que les fournisseurs d'accès à internet puissent s'il y a lieu en référer au président du tribunal judiciaire de Paris,

-prendre acte qu'elles solliciteront de l'ANJ la prise en charge des surcoûts qu'elles exposent pour assurer la mise en œuvre de la mesure de blocage qui sera ordonnée à leur encontre dans les conditions fixées par le décret n° 2011-2122 du 30 décembre 2011,

-laisser les dépens à la charge du président de l'ANJ.

La société Free demande au président du tribunal judiciaire de :

-donner acte au président de l'ANJ des démarches préalables qu'il a effectuées pour obtenir des éditeurs du site litigieux ainsi que de l'hébergeur qu'ils empêchent l'accès audit dite,

-donner acte à la société Free de ses réserves quant aux conséquences et à l'efficacité des mesures de blocage susceptibles

d'être ordonnées,

-apprécier si les demandes sont proportionnées, adéquates et strictement nécessaires compte tenu des enjeux d'ordre public, de sécurité publique et de protection de la santé et des mineurs,

-juger que les fournisseurs d'accès à internet disposeront d'un délai d'au moins 48 heures pour mettre en oeuvre d'éventuelles mesures de blocage,

-juger que les mesures de blocage qui seraient ordonnées seront temporaires,

-inviter le président de l'ANJ à communiquer sans délai aux fournisseurs d'accès à internet toute information utile relative à

l'évolution du litige et à la nécessité de lever le blocage,

-juger qu'en cas de difficulté la partie la plus diligente pourra en référer au président du tribunal judiciaire de Paris,

-laisser les dépens à la charge du président de l'ANJ.

La société Bouygues Telecom demande au président du tribunal judiciaire de :

-constater qu'elle s'en remet à la sagesse du tribunal sur la nécessité de mettre en œuvre des mesures de blocages pour le site internet accessibles aux adresses litigieuses,

-inviter le président de l'ANJ à notifier aux fournisseurs d'accès à internet au terme d'un délai d'une année à compter de la présente décision, puis ensuite tous les ans, la nécessité de poursuivre les mesures de blocage qui seront éventuellement prononcées,

-prendre acte qu'elle sollicitera la prise en charge des frais inhérents à la mise en œuvre des mesures de filtrage en cas de condamnation,

-condamner le président de l'ANJ aux entiers dépens.

Page 5

---

La société Colt Technology Services demande au président du tribunal judiciaire de lui donner acte de ce qu'elle s'en rapporte à justice quant à la nécessité et la proportionnalité des mesures sollicitées par le président de l'ANJ au regard des risques de trouble à l'ordre public et social et de mettre les dépens à la charge de ce dernier.

Bien que régulièrement assignées, les autres défendeurs n'ont pas comparu.

L'affaire a été mise en délibéré au 13 juillet 2021 à 15 heures.

SUR CE

Sur la nature de la présente procédure, il sera observé que le délégué du président du tribunal judiciaire de Paris a, par requête du 8 juillet 2021, autorisé la demanderesse à assigner à une heure qu'il a indiquée, comme le lui permet en la matière l'article 481-1 5° du code de procédure civile, peu important sur ce point que l'ordonnance ait été rendue au visa de l'article 485 du même code de procédure civile puisque l'autorisation donnée est conforme aux dispositions spécifiques aux jugements en procédure accélérée au fond.

Sur le bien fondé de la demande

Vu les articles 12 et 14 de la loi n° 2010- 476 du 12 mai 2010 modifiée,

L'article 61 de la même loi dispose que :

« Le président de l'Autorité nationale des jeux adresse aux opérateurs de jeux ou de paris en ligne non autorisés en vertu d'un droit exclusif ou de l'agrément prévu à l'article 21 et à toute personne proposant une quelconque offre de jeux d'argent et de hasard en ligne en contravention aux dispositions du titre II du livre III du code de la sécurité intérieure, par tout moyen propre

à en établir la date de réception, une mise en demeure rappelant les dispositions de l'article 56 relatives aux sanctions encourues et les dispositions du troisième alinéa du présent article, enjoignant à ces opérateurs de respecter cette interdiction et les invitant à présenter leurs observations dans un délai de huit jours.

Il adresse également aux personnes mentionnées au 2 du I de l'article 6 de la loi n° 2004-575 du 21 juin 2004 pour la confiance dans l'économie numérique, par tout moyen propre à en établir la date de réception, une copie de la mise en demeure prévue au premier alinéa du présent article et leur enjoint de prendre toute mesure propre à empêcher l'accès au contenu du service de communication au public en ligne proposé par l'opérateur mentionné au même premier alinéa. Ces personnes sont invitées à présenter leurs observations dans un délai de huit jours.

A l'issue du délai mentionné aux deux premiers alinéas, en cas d'inexécution des injonctions prévues aux premier et deuxième alinéas du présent article ou si l'offre de paris ou de jeux d'argent et de hasard en ligne reste accessible, le président de l'Autorité nationale des jeux peut saisir le président du tribunal de grande instance de Paris aux fins d'ordonner, selon la procédure accélérée au fond, l'arrêt de l'accès à ce service aux personnes

Page 6

---

mentionnées au 1 du I de l'article 6 de la loi n° 2004-575 du 21. juin 2004 précitée. Il peut également saisir le président du tribunal de grande instance de Paris aux mêmes fins si l'offre demeure accessible nonobstant l'éventuelle exécution par les personnes mentionnées au deuxième alinéa du présent article sans avoir à procéder à de nouvelles injonctions de même nature.

Le président de l'Autorité nationale des jeux peut saisir par requête le président du tribunal de grande instance de Paris aux mêmes fins lorsque ce service de communication au public en ligne est accessible à partir d'autres adresses.

Le président de l'Autorité nationale des jeux peut également saisir le président du tribunal de grande instance de Paris aux fins de voir prescrire, selon la procédure accélérée au fond, toute mesure destinée à faire cesser le référencement du site d'un opérateur mentionné au deuxième alinéa du présent article par un moteur de recherche ou un annuaire.

Dans le cas prévu au premier alinéa, l'Autorité nationale des jeux peut également être saisie par le ministère public et toute personne physique ou morale ayant intérêt à agir.

Un décret fixe les modalités selon lesquelles sont compensés, le cas échéant, les surcoûts résultant des obligations mises à la charge des personnes mentionnées au 1 du I de l'article 6 de la loi n° 2004-575 du 21 juin 2004 précitée au titre du présent article ».

En l'espèce, il est constant que Medium Rare N.V, domiciliée au Curaçao, ne figure pas sur la liste des opérateurs bénéficiant de l'agrément délivré par l'Autorité nationale des jeux conformément à l'article 21 de la loi n° 2010-476 du 12 mai 2010 précitée (Cf. http://www.ANJ.fr/-Liste-des-operateurs-agrees-.htm).

Or il ressort des pièces versées aux débats, et plus spécialement procès-verbaux de constat des 22 juin et 6 juillet 2021, que le site internet accessible à partir des adresses www.stake.com et stake.com propose à destination du public, sur le territoire français, des jeux d'argent et de hasard en ligne. Il résulte notamment de ces constats que le site litigieux permet aux internautes de miser de l'argent, en cryptomonnaie, sur des jeux de hasard.

Ainsi, les conditions visées à l'article 61 de la loi précitée sont remplies.

La procédure révèle en outre qu'une mise en demeure a été adressée aux opérateurs les 28 juin 2021 et 7 juillet 2021, et qu'une copie de la mise en demeure a été adressée à l'hébergeur en lui enjoignant de prendre toute mesure propre à empêcher l'accès au contenu du service de communication au public en ligne proposé.

Ces mises en demeure sont restées infructueuses dans le délai de huit jours mentionné à l'article 61 précité.

Dès lors, les mesures sont fondées en leur principe et seront ordonnées.

Page 7

---

Sur les mesures ordonnées

Le président de l'Autorité nationale des jeux limite sa demande à toutes mesures appropriées de blocage par nom de domaine (DNS) pour empêcher l'accès, à partir du territoire français et/ou par leurs abonnés situés sur ce territoire, au service de communication en ligne en cause de mettre en œuvre toutes mesures propres à empêcher l'accès, à partir du territoire français au contenu de ce service.

Il convient de faire droit à cette demande.

Un délai de 48 heures pour exécuter les mesures ordonnées apparaît adapté et il est accepté.

Les mesures de blocage seront maintenues tant que le trouble manifestement illicite constaté perdurera. Elles pourront être levées par les fournisseurs d'accès à internet sur simple demande du président de l'ANJ, à qui la loi a confié la mission de surveillance des sites proposant des jeux en ligne dès que les conditions légales ne sont plus remplies soit parce que le site en cause reçoit l'agrément prévu par la législation en vigueur, soit du fait de sa disparition ou de sa modification profonde de sorte que l'accès depuis le territoire Français n'est plus possible soit pour toute autre raison.

Ainsi la mesure, qui est définie dans ses modalités et dont la portée n'est contestée par aucun défendeur, sera effectivement limitée à ce qui est strictement nécessaire.

Aucune autre modalité tendant, directement ou indirectement, à la limitation dans le temps de le présente décision n'est prévue par la loi et justifiée.

Notamment, il n'appartient pas au juge judiciaire de prononcer des injonctions à l'encontre du président de l'ANJ, autorité administrative indépendante.

Il sera en outre rappelé la possibilité pour chaque partie de saisir à nouveau la présente juridiction, en cas de difficulté ou d'évolution du litige.

Sur les demandes accessoires

En application de l'article 696 du code de procédure civile, il y a lieu de laisser les dépens à la charge du président de l'ANJ.

Il convient en outre de rappeler que le présent jugement rendu selon la procédure accélérée au fond, est exécutoire par provision en application de l'article 492-1 in fine du code de procédure civile.

Page 8

---

PAR CES MOTIFS

Statuant publiquement par mise à disposition au greffe, par jugement selon la procédure accélérée au fond, par décision réputée contradictoire et en premier ressort,

Enjoignons à la SAS SFR fibre, la SA Orange, la SA Orange Caraïbe, la SA Société Française du radiotéléphone, la SCS Société réunionnaise du radiotéléphone, la SAS Free, la SA

Bouygues télécom, la SAS Colt technology services ainsi qu'à la SAS Outremer télécom de mettre en œuvre, ou de faire mettre en œuvre toutes mesures appropriées de blocage par nom de domaine (DNS) pour empêcher l'accès, à partir du territoire français et/ou par leurs abonnés situés sur ce territoire, au service de communication en ligne accessible actuellement à partir des adresses www.stake.com et stake.com ;

Disons que la présente injonction doit être exécutée au plus tard 48 heures à compter de la signification de la présenté décision, délai au-delà duquel il pourra nous en être référé,

Disons que la mesure pourra être levée sur simple demande par lettre recommandée avec demande d'avis de réception du président de l'Autorité nationale des jeux ou par décision de la présente juridiction;

Disons qu'en cas de difficulté ou d'évolution du litige, il pourra nous en être référé ;

Rappelons que la présente ordonnance est exécutoire par provision;

Laissons les dépens à la charge du président de l'Autorité nationale des jeux.

Fait à Paris le 13 juillet 2021

Le Greffier, Le Président, efter Mamuk Anne BELIN Minas MAKRIS

Page

---

8

---

No RG 21/55352 – N° Portalis 352J-W-B7F-CUY7S

EXPÉDITION exécutoire dans l'affaire :

Demanderesse : PRESIDENTE DE L'AUTORITE NATIONALE DES JEUX

contre

Défendeurs : Société SFR FIBRE

EN CONSÉQUENCE, LA RÉPUBLIQUE FRANÇAISE mande et ordonne :

A tous les huissiers de justice, sur ce requis, de mettre ladite décision à exécution,

Aux Procureurs Généraux et aux Procureurs de la

République près des Tribunaux Judiciaires d'y tenir la main,

A tous commandants et officiers de la force publique de prêter main-forte lorsqu'ils en seront légalement requis.

En foi de quoi la présente a été signée et délivrée par nous Directeur des services de greffe judiciaires soussigné au Greffe du Tribunal judiciaire de Paris

p/Le Directeur des services de greffe judiciairesAIRE DE PA RI S

2030-627

---

1. A B C D

10 ème page et dernière

# Judicial Court of Paris, July 13, 2021, No. 21/55352

## Concerning the decision

Reference: Judicial Court of Paris, July 13, 2021, No. 21/55352

Court: Judicial Court of Paris

Number(s): 21/55352

## Concerning the individuals

Lawyers(s):
Yves COURSIN, François DUPUY, Marguerite BILALIAN, Philippe JOUARY, Katia BONEVA-DESMICHT

Firm(s):
HADENGUE ET ASSOCIES

Parties:
v. S.A. [Limited Company] BOUYGUES TELECOM, S.A.S. [Simplified Joint Stock Company] COLT TECHNOLOGY SERVICES, S.A.S. FREE, SOCIETE FRANCAISE DU RADIOTELEPHONE-SFR, ORANGE, OUTREMER TELECOM, SFR FIBRE

## Full text

FRENCH REPUBLIC

In the name of the French People

EXCERPT from the minutes of the Registrar

JUDICIAL

COURT

OF

PARIS

ENFORCEABLE CERTIFIED COPY

Docket No. 21/55352 - Portalis No. 352J-W-B7F-CUY7S

Maître Philippe JOUARY of the LAW FIRM OF AMIGUES,
AUBERTY, JOUARY & POMMIER, lawyers at the PARIS bar - #J0114

----------------

JUDICIAL

COURT

OF

PARIS

Docket No. 21/55352 - Portalis No.

352J-W-B7F-CUY7S

No.: 1/MM

Summons dated: July 8 and 9, 2021

5 Enforceable copies delivered on: July 13, 2021

JUDGMENT RENDERED IN ACCORDANCE WITH THE EXPEDITED PROCEDURE ON THE MERITS on July 13, 2021

by Anne BELIN, 1st Deputy Vice-President of the Judicial Court of Paris, acting by delegation of the Presiding Judge of the Court,

Assisted by Minas MAKRIS, Acting as Clerk.

APPLICANT

PRESIDENT OF THE AUTORITE NATIONALE DES JEUX [NATIONAL GAMING AUTHORITY] represented by Ms. Y Z-X [...]

[...]

represented by Mr. Philippe JOUARY of the LAW FIRM OF AMIGUES,
AUBERTY, JOUARY & POMMIER, lawyers at the PARIS bar - #J0114

DEFENDANTS

The Company SFR FIBRE

SOCIETE FRANCAISE DU RADIOTELEPHONE- SFR

[...]

[...]

not appearing

The Company ORANGE

[...]

The Company ORANGE CARAÏBE

[...]

[...]

represented by Maître Marguerite BILALIAN, lawyer at the PARIS bar #C0063

-

----------------

*

SOCIETE FRANCAISE DU RADIOTELEPHONE - SFR

[...]

[...]

not appearing

The Company OUTREMER TELECOM

[...]

[...]

not appearing

SOCIETE REUNIONNAISE DU RADIOTELEPHONE

[...]

[...]

[...]

not appearing

S.A. BOUYGUES TELECOM

[...].

[...]

represented by Maître François DUPUY of professional partnership HADENGUE et Associés, lawyers at the PARIS bar –#B0873

S.A.S. COLT TECHNOLOGY SERVICES

[...]

[...]

represented by Me Katia BONEVA-DESMICHT, lawyer at the PARIS bar - #P0445

S.A.S. FREE

[...]

represented by Me Yves COURSIN, lawyer at the PARIS bar - #C2186

PROCEEDINGS

At the hearing on July 12, 2021, held in public, presided over by Anne BELIN, 1st Deputy Vice-President, assisted by Minas MAKRIS, Acting Clerk,

We, the Presiding Judge,

After having heard the parties appearing,

Having regard to the summons for summary proceedings initiating proceedings, delivered on July 8 and 9, 2021, and the reasons stated therein,

Page 2

----------------

1

STATEMENT OF THE DISPUTE:

On June 22, 2021, an authorized officer of the Autorité nationale des jeux (hereinafter ANJ) observed that a website accessible from the addresses www.stake.com and stake.com offered online gambling to the public in France even though the operator had not received the license provided for in Article 21 of Act no. 2010-476 of May 12, 2010 as amended relating to

the opening to competition and regulation of the online gambling sector.

By letter dated June 28, 2021, the President of the ANJ issued a formal notice to the company Medium Rare N.V, presenting itself as

the operator, to immediately cease offering online gambling in France on the disputed website, and inviting it to present its observations in response.

This report was notified the same day to the two hosts of the website.

On July 6, 2021, ANJ services found that it was still possible to access the website and place a bet on an online gambling game from a previously opened account, and notified Medium Rare N.V the next day.

By letter of July 7, 2021, the President of the ANJ notified the internet service providers about the formal notices sent to the

operator.

It is in this context, after having been authorized to summon at a set time, that the President of the ANJ summoned SAS SFR fibre, SA Orange, SA Orange Caraïbe, SA Société Française du radiotéléphone (SFR), SCS Société réunionnaise du radiotéléphone (SRR), SAS Free, SA Bouygues télécom, SAS Colt Technology Services and SAS Outremer télécom on July 8, 2021, before the Presiding Judge of the Judicial Court of Paris, ruling on the merits of the case in accordance with the expedited procedure.

The matter was discussed at the hearing on July 12, 2021.

***

At the hearing, the President of the ANJ maintained the claims of her writ of summons under which she requested the following, in accordance with Act No. 2004-575 of June 21, 2004, Act No. 2010-476 of May 12, 2010 as amended and Decree No. 2011-2122 of December 30, 2011:

-order the companies SFR fibre, Orange, Orange Caraïbe, SFR, SRR, Free, Bouygues Telecom, Colt Technology Services and Outremer Telecom to implement or cause to be implemented without delay, and in any event within 48 hours of the date of service of this order, all appropriate measures to block, by domain name (DNS), to prevent access from the French territory and/or by their subscribers located on this territory, to the online communication service currently accessible from the addresses www.stake.com and stake.com,

Page 3

----------------

-enjoin the companies SFR fibre, Orange, Orange Caraïbe, SFR, SRR, Free, Bouygues Telecom, Colt Technology Services and Outremer Telecom to justify and report, within seven days to the President of the ANJ, as well as to the Presiding Judge of the Judicial Court of Paris, the measures taken and implemented to prevent access from the French territory to the online communication service currently accessible from the addresses www.stake.com and stake.com,

- state that the blocking measure ordered may be lifted upon simple request by the President of the ANJ addressed by registered letter with acknowledgement of receipt to the companies SFR fibre, Orange, Orange Caraïbe, SFR, SRR, Free, Bouygues Telecom, Colt Technology Services and Outremer Telecom or by decision of the Presiding Judge of

the Judicial Court to which the matter was referred in the form of summary proceedings by any interested person,

- reiterate that provisional execution is attached to the decision to intervene in all its provisions, state that it will be referred to it in case of difficulty to execute the measures, rule on the costs.

In support of her claims, she mainly argues that gambling is neither an ordinary business nor an ordinary service, and that it is therefore subject to strict supervision with regard to issues of public order, public safety and

protection of health and minors; that the Act of May 12, 2010 on the opening to competition and regulation of the online gambling sector, amended by the Act of March 17, 2014, therefore intends to open to competition only certain sectors of the French gambling market, namely horse race betting, sports betting and casino games that require player skill; that the legislator further intended to control and supervise the offering of online gambling by making such offering in France subject to the issuance of a license under the conditions of Article 21 of the Act of May 12, 2010 as amended ; that Article 61 of this same act, recently amended by the law of October 7, 2016, allows the President of the ANJ to refer the matter to the Presiding Judge of the Judicial Court of Paris to order internet service providers to stop access to this service, in the event of failure to comply with injunctions addressed to the operators and hosts of the websites.

She adds that in the present case, the public located on French territory is offered to participate in numerous online gambling games, including online sports betting and casino games, with the website also offering internet users the use of crypto-currencies to pay their bets. She also points out that the website operator actively promotes its illegal website on live streaming platforms aimed primarily at a young audience.

The companies Orange, Orange Caraïbe, Free, Bouygues Télécom and Colt Technology Services filed and defended their pleadings, to which the hearing is referred to for a more detailed statement of the case.

Thus, the companies Orange SA, representing in particular the company Orange Réunion, and Orange Caraïbe ask the Presiding Judge of the Judicial Court to:

Page 4

----------------

-assesss whether the elements submitted to the proceedings sufficiently demonstrate compliance with Article 61 of Act No. 2010 476 of May 2, 2010,

-assess whether the requests are proportionate, adequate and necessary to respond to the public order problem invoked,

-in the affirmative, grant the requests of the President of the ANJ,

-state that it shall communicate without delay to the internet service providers any information relating to the evolution of the dispute,

-state that the ordered blocking measure will end when the President of the ANJ informs the internet service providers of a change in the status of the website subject to the blocking measure which justifies the lifting of this measure,

-state that the President of the ANJ shall communicate to the internet service providers by any means at the end of one year from the present order, and then every year, all information to assess the usefulness of continuing this blocking measure so that the internet service providers can, if necessary, refer the matter to the Presiding Judge of the Judicial Court of Paris,

-take note that they will ask ANJ to cover the additional costs they incur to ensure the implementation of the blocking measure that will be ordered against them under the conditions laid down by Decree No. 2011-2122 of December 30, 2011,

-costs to be paid by the President of the ANJ.

The company Free asks the Presiding Judge of the Judicial Court to :

- acknowledge to the President of the ANJ the prior steps taken with the publishers and the host of the disputed website to get them to prevent access to said website,

- acknowledge Free's reservations as to the consequences and efficacy of the blocking measures that may

be ordered,

-assess whether the requests are proportionate, appropriate and strictly necessary in light of public order, public safety, and the protection of health and minors,

-rule that internet service providers will have at least 48 hours to implement any blocking measures,

- rule that the blocking measures that would be ordered will be temporary,

- invite the President of the ANJ to communicate without delay to the internet service providers any useful information relating to

the evolution of the dispute and the need to lift the blocking measure,

-rule that in case of difficulty the most diligent party may refer the matter to the Presiding Judge of the Judicial Court of Paris,

-costs to be paid by the President of the ANJ.

Bouygues Telecom asks the presiding judge to:

- find that it defers to the wisdom of the court on the need to implement blocking measures for the website accessible at the disputed addresses,

-invite the President of the ANJ to notify the internet service providers after a period of one year from the present decision, and then every year thereafter, about the need to continue any blocking measures that may be imposed,

-take note that it will request that the costs inherent in the implementation of the filtering measures be paid in the event of a conviction,

-order the President of the ANJ to pay all costs.

Page 5

----------------

The company Colt Technology Services asks the Presiding Judge of the Judicial Court to acknowledge what it has stated to the court regarding the necessity and proportionality of the measures requested by the President of the ANJ with regard to the risks of disturbance of public and social order and to order the latter to pay the costs.

Although regularly summoned, the other defendants did not appear.

The matter was reserved on July 13, 2021 at 3:00 p.m.

WHEREUPON

As to the nature of the present proceedings, it will be observed that the delegate of the Presiding Judge of the Judicial Court of Paris, by a request dated July 8, 2021, authorized the applicant to summon the parties at a time indicated by her, as permitted by Article 481-1 5° of the Code of Civil Procedure, regardless of whether the order was issued under article 485 of the same Code of Civil Procedure, since the authorization given complies with the specific provisions for judgments in expedited proceedings on the merits.

On the merits of the application

Considering Articles 12 and 14 of Act No. 2010- 476 of May 12, 2010 as amended,

Article 61 of this act states that:

“The President of the ANJ shall address, to online gambling or betting operators not authorized by virtue of an exclusive right or the license provided for in Article 21 and to any person offering any online gambling and games of chance in contravention of the provisions of Title II of Book III of the Internal Security Code, by any means capable of

of establishing the date of receipt, a formal notice reiterating the provisions of Article 56 relating to the penalties incurred and the provisions of the third paragraph of this article, enjoining these operators to comply with this prohibition and inviting them to submit their observations within eight days.

She shall also address to the persons mentioned in Article 6(2)(I) of Act No. 2004-575 of June 21, 2004 on confidence in the digital economy, by any means capable of establishing the date of receipt, a copy of the formal notice provided for in the first paragraph of this Article and shall enjoin them to take any measure capable of preventing access to the public of the online communication service offered by the operator mentioned in the same first paragraph. These persons are invited to present their observations within eight days.

At the end of the period referred to in the first two paragraphs, in the event of failure to comply with the injunctions provided for in the first and second paragraphs of this article or if the online betting or gambling offer remains accessible, the President of the ANJ may refer the matter to the Presiding Judge of the High Court of Paris to order, in accordance with the expedited procedure on the merits, that access to this service by individuals

Page 6

----------------

mentioned in Article 6(1)(I) of the aforementioned Act No. 2004-575 of June 21, 2004 be stopped. She may also refer the matter to the Presiding Judge of the High Court of Paris for the same purpose if the offer remains accessible notwithstanding any execution by the persons mentioned in the second paragraph of this article without having to issue new injunctions of the same nature.

The President of the ANJ may refer the matter to the Presiding Judge of the High Court of Paris by petition for the same purpose when this online public communication service is accessible from other addresses.

The President of the ANJ may also refer the matter to the Presiding Judge of the High Court of Paris in order to prescribe, in accordance with the expedited procedure on the merits, any measure intended to stop the referencing of the website of an operator mentioned in the second paragraph of this article by a search engine or a directory.

In the case provided for in the first paragraph, the matter may also be referred to the Autorité nationale des jeux by the public prosecutor and any natural or legal person with an interest bringing proceedings.

A decree shall set the terms and conditions according to which the additional costs resulting from the obligations imposed on the persons mentioned in 6(1)(I) of the aforementioned Act No. 2004-575 of June 21, 2004 under this article shall be compensated, if applicable.”

In the present case, it is not disputed that Medium Rare N.V. domiciled in Curaçao, is not on the list of operators licensed by the Autorité nationale des jeux in accordance with Article 21 of the aforementioned Act No. 2010-476 of May 12, 2010 (See http://www.ANJ.fr/-Liste-des-operateurs-agrees-.htm).

However, it appears from the documents submitted to the proceedings, and more specifically from the statement of facts of June 22 and July 6, 2021, that the website accessible from the addresses www.stake.com and stake.com offers online gambling to the public, on French territory. It results

in particular from these statements that the disputed website allows internet users to bet money, in cryptocurrency, on games of chance.

Thus, the conditions referred to in Article 61 of the aforementioned act are met.

The procedure also reveals that a formal notice was sent to the operators on June 28, 2021 and July 7, 2021, and that a copy of the formal notice was sent to the host ordering it to take all appropriate measures to prevent access to the content of the online public communication service offered.

These formal notices have remained without effect within the eight-day period mentioned in the above-mentioned Article 61.

Therefore, the measures are justified in principle and will be ordered.

Page 7

----------------

On the measures ordered

The President of the ANJ limits her request to all appropriate measures of blocking by domain name (DNS) to prevent access, from the French territory and/or by their subscribers located on this territory, to the online communication service in question to implement all measures able to prevent access, from the French territory to the content of this service

This request should be granted.

A 48-hour time limit for the execution of the measures ordered appears appropriate and is accepted.

The blocking measures will be maintained as long as the manifestly unlawful disturbance observed persists. They may be lifted by the internet service providers upon simple request of the President of the ANJ, to whom the law has entrusted the mission of monitoring websites offering online games as soon as the legal conditions are no longer met either because the website in question receives the license provided for by the legislation in force, or because it disappears or is thoroughly changed so that access from French territory is no longer possible or for any other reason.

Thus the measure, which has defined terms and whose scope is not disputed by any defendant, will be effectively limited to only what is strictly necessary.

No other terms directly or indirectly limiting the time of this decision are provided by law and justified.

In particular, it is not for the judge to pronounce injunctions against the President of the ANJ, which is an independent administrative authority.

It should also be reiterated that each party may refer the matter again to this court, in the event of difficulty or changes in the dispute.

On incidental claims

Pursuant to Article 696 of the Code of Civil Procedure, the costs should be borne by the President of the ANJ.

It should also be reiterated that this judgment, rendered under the expedited procedure on the merits, is provisionally enforceable pursuant to Article 492-1 in fine of the Code of Civil Procedure.

Page 8

----------------

FOR THESE REASONS

Ruling publicly by way of availability at the registrar, by a ruling under the expedited procedure on the merits, by decision deemed to have been handed down in the presence of all parties and in the first instance,

Enjoin SAS SFR fibre, SA Orange, SA Orange Caraïbe, SA Société Française du radiotéléphone, SCS Société réunionnaise du radiotéléphone, SAS Free, SA Bouygues télécom, SAS Colt Technology Services and SAS Outremer telecom to implement, or to cause to be implemented, all appropriate measures of blocking by domain name (DNS) to prevent access, from French territory and/or by their subscribers located on this territory, to the online communication service currently accessible from the addresses www.stake.com and stake.com ;

State that this injunction shall be executed no later than 48 hours from the service of this decision, after which time it may be referred to us,

State that the measure can be lifted on simple request by registered letter with request for acknowledgement of receipt from the President of the Autorité nationale des jeux or by decision of the present court;

State that in case of difficulty or evolution of the dispute, it may be referred to us;

Reiterate that this order is provisionally enforceable;

Leave the costs to be borne by the President of the Autorité nationale des jeux.

Executed in Paris on July 13, 2021

The Clerk, The Presiding Judge, [illegible] Mamuk Anne BELIN Minas MAKRIS

Page

----------------
----------------

8

Docket No. 21/55352 –Portalis No. 352J-W-B7F-CUY7S

ENFORCEABLE certified copy in the matter:

Applicant: PRESIDENT OF THE AUTORITE NATIONALE DES JEUX

against

Defendants: Société SFR FIBRE

CONSEQUENTLY, THE FRENCH REPUBLIC empowers and orders:

All bailiffs, upon this request, to enforce the said decision,

The Prosecutors General and the Public Prosecutors at the Judicial Courts to provide their assistance,

All law enforcement commanders and officers to render assistance when legally required.

In witness whereof this document has been signed and delivered by us, the undersigned Director of Judicial Registrar Services at the Registrar of the Judicial Court of Paris

For the Director of Judicial Registrar Services [illegible]

2030-627

----------------

1. A B C D

10th and last page



TRANSPERFECT

City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document “**EXHIBIT A Lachere**” is, to the best of my knowledge and belief, a true and accurate translation from French into English.

_________________________
Dan McCourt

Sworn to before me this
March 23, 2023

_________________________
Signature, Notary Public

WENDY POON
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in
Queens County
01PO6356754
MY COMMISSION EXPIRES 04-03-2025

_________________________
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001 | T 212.400.8840 | F 212.689.1059 | WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE