```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER FREEMAN,

                Plaintiff,

        v.

STAKE.COM, PRIMEDICE, EDWARD CRAVEN, BIJAN TEHRANI, SLICEMEDIA B.V., MEDIUM RARE N.V., EASYGO SOLUTIONS PTY LTD, MEBIT.IO, MLADEN VUCKOVIC,

                Defendant.

No. 22-CV-7002 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Christopher Freeman commenced this action against his former business partners, several entities, and another individual following a dispute over an allegedly stolen business idea. The Court dismissed his Amended Complaint for lack of subject matter jurisdiction. Defendants now move for sanctions against Plaintiff, arguing that he asserted contentions that were frivolous or lacked evidentiary support and filed papers for an improper purpose. For the reasons that follow, the motion is denied.

## BACKGROUND

    On August 17, 2022, Plaintiff—a founder of the online cryptocurrency gambling site Primedice—sued Edward Craven and Bijan Tehrani, several entities allegedly under their control, and Mladen Vučković for, among other things, fraud, idea misappropriation, and unjust enrichment. Op. & Order at 1, Dkt. 52. He alleged that Craven and Tehrani stole his idea for developing an expansive online cryptocurrency casino; subsequently launched the online

cryptocurrency casino Stake.com; and, through a series of corporate transfers, left him without any real partnership stake in the original Primedice venture. *Id*.

On June 26, 2023, the Court dismissed Plaintiff's Amended Complaint for lack of subject matter jurisdiction. *Id*. at 10. It concluded that Plaintiff failed to establish diversity jurisdiction for three independently sufficient reasons: Plaintiff failed to allege Defendants' citizenship, Defendant Tehrani's status as a "stateless" U.S. citizen deprived the Court of diversity jurisdiction, and Plaintiff's alleged position as a partner of Defendant Primedice also destroyed diversity jurisdiction. *Id*. at 6–7, 9–10.

On July 10, 2023, Defendants moved for an order imposing sanctions on Plaintiff pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent powers. Mot. Sanctions, Dkt. 53; Mem. Law Supp. Defs.' Mot. Sanctions at 2, Dkt. 55. They principally argue that (1) Plaintiff's assertion of subject matter jurisdiction and claim for idea misappropriation were frivolous, violating Rule 11(b)(2); (2) his factual contentions regarding Primedice's partnership status lacked evidentiary support, violating Rule 11(b)(3); and (3) his purpose for certain filings was improper because he disclosed privileged information belonging to Primedice in an attempt to secure a litigation advantage, violating Rule 11(b)(1). Mem. Law Supp. Defs.' Mot. Sanctions at 5–6. Defendants request appropriate sanctions, including an order requiring Plaintiff to pay reasonable attorneys' fees incurred by Defendants. *Id*. at 2.

## DISCUSSION

Rule 11 generally empowers courts to impose sanctions for the presentation of legal contentions and claims that are frivolous; factual contentions that lack "evidentiary support"; and filings made for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1)–(3), (c)(1). Courts must exercise their

discretion to impose sanctions "with restraint." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). And they must "resolve all doubts in favor" of the individual who signed the filing. *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986).[1]

### I. Plaintiff's Alleged Frivolous Contention and Claim

The Court first considers whether Plaintiff violated Rule 11(b)(2) by asserting either a frivolous contention of subject matter jurisdiction or claim for idea misappropriation. Rule 11(b)(2) provides that

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Fed. R. Civ. P. 11(b)(2). A claim or contention is frivolous if, under an "objective standard of reasonableness," *Derechin v. State Univ. of N.Y.*, 963 F.2d 513, 516 (2d Cir. 1992), it is "clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands," *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990).

Defendants reason that Plaintiff's contention of subject matter jurisdiction was frivolous because he failed to allege the citizenship of each party; alleged facts establishing that Tehrani was "stateless"; and, once confronted with potential jurisdictional defects, attempted to remedy them

---

[1] As a threshold matter, Plaintiff is incorrect that Defendants' motion for sanctions is procedurally defective. Rule 11(c)(2) provides that "[a] motion for sanctions . . . shall be served . . . but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(2). A party satisfies this provision, known as the "safe harbor requirement," if it serves notice of a motion for Rule 11 sanctions and an accompanying letter describing the specific conduct that allegedly violated Rule 11. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012). Plaintiff contends that Defendants' notice of their motion for sanctions—undisputedly served more than 21 days before the motion for sanctions was filed—was improperly devoid of the grounds for sanction. Pl.'s Mem. Law Opp'n Defs.' Mot. Sanctions at 6 n.4, Dkt. 60. However, on April 21, 2023, Defendants served on Plaintiff *both* the notice of their motion for sanctions and a detailed letter laying out the alleged grounds for sanctions. The subsequently filed motion for sanctions "rested on substantially the grounds set forth" in the letter. *Star Mark Mgmt., Inc.*, 682 F.3d at 176. Accordingly, Defendants complied with Rule 11(c)(2).

through "a series of speculative leaps of logic" and "a free-wheeling frolic into irrelevant foreign immigration and criminal laws." Mem. Law Supp. Defs.' Mot. Sanctions at 7–8, 9.

Although Defendants ultimately prevailed on the issue, Plaintiff's contention of subject matter jurisdiction was not frivolous. "[R]esolv[ing] all doubts in favor" of Plaintiff, *Oliveri*, 803 F.2d at 1275, his failure to allege the citizenship of each party did not necessarily render it "clear," from an "objective standard," that there was "*no* chance of success," *Mareno*, 910 F.2d at 1047 (emphasis added). Plaintiff alleged the residencies of the individuals rather than their citizenship, and "[s]uch a defect" could have been "cured . . . if there [was] anything on the record from which actual citizenship [could have been] be determined." *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967). That the record ultimately lacked anything curative does not mean there was "no chance of success" at the outset. *Mareno*, 910 F.2d at 1047.

The alleged facts regarding Tehrani also did not render the contention of subject matter jurisdiction frivolous. While Plaintiff alleged facts that ultimately led the Court to conclude that Tehrani was "stateless," Plaintiff did not himself contend as much. Instead, considering those alleged facts, Plaintiff advanced a new legal argument for why Tehrani was *not* "stateless"—one based on Australia's immigration law. Albeit unpersuasive, the Court cannot say that advancing such an argument was "objective[ly]," *Derechin*, 963 F.2d at 516, unreasonable so as to warrant sanctions—especially since the Court must exercise its discretion to impose sanctions "with restraint," *Schlaifer Nance & Co.*, 194 F.3d at 334. In other words, it was not necessarily "clear" from the outset that, given Plaintiff's novel argument, "there [was] . . . no reasonable argument to extend, modify or reverse the law as it stands."[2] *Mareno*, 910 F.2d at 1047. "[I]t is important,"

---

[2] It was similarly not the case that there was "no chance," *Mareno*, 910 F.2d at 1047, that Primedice was other than "stateless."

4

after all, "that Rule 11 not have the effect of chilling creative advocacy." *Cross & Cross Properties, Ltd. v. Everett Allied Co.*, 886 F.2d 497, 504 (2d Cir. 1989). "[C]reativity . . . is the very lifeblood of the law." *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), *superseded on other grounds by rule*.

Plaintiff's assertion of a claim for idea misappropriation was also not frivolous. Defendants' argument to the contrary rests on Plaintiff's purported failure to allege an "original or novel" idea, as the claim requires. *See* Mem. Law Supp. Defs.' Mot. Sanctions at 12–13. They reason that Plaintiff failed to do so in that he "simply," *id.* at 13, alleged "an improve[ment] upon" an existing gambling concept, *id.* (quoting Am. Compl. ¶ 35, Dkt. 27). But Defendants place too much weight on the limited use of the term "improve[ment]," Am. Compl. ¶ 35, and ignore the details explaining the alleged novelty of Plaintiff's idea, including that it would "expand[] Primedice . . . [to] cover[] . . . online cryptocurrency slot machines and . . . poker games" and that such an "expan[sion] into these areas [would be] novel not just among the partners, but in the industry," *id.* ¶ ¶ 255–56. The substance of an idea determines its originality or novelty. Under New York law, for example, "whether an idea is original or novel depends upon several factors, including, *inter alia*, the idea's specificity or generality . . . , its commonality . . . , its uniqueness . . . , and its commercial availability." *Nadel v. Play-By-Play Toys & Novelties, Inc.*, 208 F.3d 368, 378 (2d Cir. 2000). Thus, Plaintiff's idea misappropriation claim was not "utterly lacking in support," and Plaintiff did not assert it in violation of Rule 11(b)(3). *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (quoting *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 388 (2d Cir. 2003)). Nor have Defendants established that he asserted it for the "improper purpose [of] . . . harass[ment]" in violation of Rule 11(b)(1). Fed. R. Civ. P. 11(b)(1).

In sum, neither Plaintiff's contention of subject matter jurisdiction nor his claim for idea misappropriation warrant the imposition of sanctions.

## II. Alleged Lack of Evidentiary Support

The Court next considers whether Plaintiff violated Rule 11(b)(3) by asserting factual contentions about Primedice's partnership status that lacked evidentiary support. Under Rule 11(b)(3), "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Presenting a pleading or other paper violates Rule 11(b)(3) if "after reasonable inquiry, a competent attorney could not form a[n objectively] reasonable belief that the [filing] is well grounded in fact." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002). Stated differently, a presentation to the court violates Rule 11(b)(3) "only when [a] 'particular allegation is utterly lacking in support.'" *Kiobel*, 592 F.3d at 81 (quoting *Storey*, 347 F.3d at 388).

Defendants reason that Plaintiff violated Rule 11(b)(3) by asserting conflicting factual contentions about Primedice's partnership status. *See* Mem. Law Supp. Defs.' Mot. Sanctions at 11. They observe that while the Amended Complaint described Primedice as a "partnership," the subsequent Opposition to Defendants' Motion to Dismiss stated that it was "no longer a partnership." *Id*. (first quoting Am. Compl. ¶ 21 and then quoting Opp'n Defs.' Mot. Dismiss at 15). It follows, they contend, that at least one of the positions lacked evidentiary support from an objectively reasonable standpoint. *See id*. The Court disagrees. Neither descriptor is "*utterly* lacking in support." *Kiobel*, 592 F.3d at 81 (quoting *Storey*, 347 F.3d at 388). Instead, the descriptors appear within a broader narrative of evolving business ventures and relationships. "[R]esolv[ing] all doubts in favor" of Plaintiff, *Oliveri*, 803 F.2d at 1275, any inconsistency, at

6

worst, evinces uncertainty about Primedice's business organization status over time—not "a[n objectively] [un]reasonable belief that the [filings] [were] well grounded in fact,"[3] *Kropelnicki*, 290 F.3d at 131.

Plaintiff's contentions about Primedice's partnership status did not violate Rule 11(b)(3).

### III.     Alleged Improper Purpose

Lastly, the Court considers whether Plaintiff violated Rule 11(b)(1) by disclosing privileged information for the "improper purpose" of securing a litigation advantage. Fed. R. Civ. P. 11(b)(1). Rule 11(b)(1) dictates that "[b]y presenting to the court a pleading . . . or other paper . . . an attorney . . . certifies that. . . it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Id*. As with Rules 11(b)(2) and (3), the objective reasonableness standard applies. *See Sussman v. Bank of Israel*, 56 F.3d 450, 456, 458–59 (2d Cir. 1995). Moreover, in assessing whether a violation of Rule 11(b)(1) has occurred, courts must consider whether a filing has multiple purposes. "A party should not be penalized for or deterred from seeking and obtaining warranted judicial relief merely because one of his multiple purposes in seeking that relief may have been improper." *Id*. at 459.

Defendants maintain that both Plaintiff's Opposition to Defendant's Motion to Dismiss and his accompanying affidavit disclosed privileged information belonging to Primedice. *See* Mem. Law Supp. Defs.' Mot. Sanctions at 13. Among that allegedly privileged information is the identity of counsel who represented Defendants, insight into why Defendants retained counsel, and advice they purportedly received about whether Primedice should shut down. *See, e.g.*, Opp'n Defs.' Mot. Dismiss at 2, 8, 15–16, Dkt. 45; Aff. Christopher Freeman ¶ 14, Dkt. 47.

---

[3] The Court similarly concludes that Plaintiff did not make contentions about Primedice's partnership status in "bad faith," which could warrant sanctions pursuant to the Court's inherent powers. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975).

7

The Court remains unpersuaded that the purpose, let alone the sole purpose, of the disclosures was to improperly secure a litigation advantage. Indeed, other purposes, such as explaining how the relevant businesses evolved and a conflict arose, appear more likely.[4] The Court cannot therefore infer that the allegedly "improper purpose" of the disclosures—limited in scope and number—fairly characterizes the purpose of the filings as a whole, aimed to defeat Defendants' Motion to Dismiss. Fed. R. Civ. P. 11(b)(1). Accordingly, even assuming that the filings contained privileged information and that securing a litigation advantage by disclosing such information is an "improper purpose," *id*., the Court finds no violation of Rule 11(b)(1). The Court further finds that Defendants have not established that Plaintiff "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" so as to warrant sanctions. *Alyeska Pipeline Serv. Co.*, 421 U.S. at 258–59.

## CONCLUSION

The Court finds that there is no basis to impose sanctions under either Federal Rule of Civil Procedure 11 or the Court's inherent power. The Court thus hereby denies Defendants' motion for sanctions. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 53.

Dated:   November 7, 2023
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[4] These other purposes also appear more likely than do "harass[ing] Defendants and mak[ing] it appear as though they are engaged in dubious conduct." Reply Mem. Law Supp. Defs.' Mot. Sanctions at 9, Dkt. 61.